**Mark A. KOCH, Plaintiff–Appellee,**

v.

**Dora B. SCHRIRO, Director, Director of the Arizona Department of Corrections; Terry L. Stewart, Director, Former Director of the Arizona Department of Corrections; George Herman, Former Warden; Denny Harkins, Former Deputy Warden, Defendants–Appellants.**

Mark A. Koch, Plaintiff–Appellee,

v.

Dora B. Schriro, Director, Director of the Arizona Department of Corrections; Terry L. Stewart, Director, Former Director of the Arizona Department of Corrections; George Herman, Former Warden; Denny Harkins, Former Deputy Warden, Defendants–Appellants.

Nos. 03–16968, 03–17190.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 29, 2004.*

Filed March 2, 2005.

James R. Morrow, Daniel P. Schaack, Assistant Attorneys General, Phoenix, AZ, for the appellants.

Larry A. Hammond, Timothy J. Eckstein, Daniel J. Pochoda, Phoenix, AZ, for the appellee.

Before B. FLETCHER, RAWLINSON, and CLIFTON, Circuit Judges.

## ORDER

In *Koch v. Ryan*, 335 F.3d 993 (9th Cir.2003), we dismissed the consolidated appeals of *Koch v. Lewis*, 216 F.Supp.2d 994 (D.Ariz.2001) and *Koch v. Lewis*, 2001 WL 1944737 (D.Ariz. Dec.17, 2001) because Koch's release from prison rendered the consolidated appeals moot.

We remanded the matter to the district court pursuant to *Dilley v. Gunn*, 64 F.3d 1365, 1372–73 (9th Cir.1995) for "the district court to determine whether its rulings should be vacated." The district court vacated the injunctive relief granted in its prior orders, but preserved the viability of its "prior legal conclusions" for future "persuasive force."

In *Dilley*, we held that if the event that moots the case "occurred by happenstance, then automatic vacatur is appropriate under *Munsingwear*." *See Dilley*, 64 F.3d at 1372. Because Koch's parole "occurred by

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

happenstance," rather than through any conduct initiated by the parties in the context of the case, we VACATE the orders entered in *Koch,* 216 F.Supp.2d 994; *Koch,* 2001 WL 1944737; and *Koch v. Lewis,* 96 F.Supp.2d 949 (D.Ariz.2000) in their entirety.

This order does not affect any request for attorney's fees.